UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JOHN HARRINGTON, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>FAY SERVICING, LLC; U.S. BANK )<br>NATIONAL ASSOCIATION, NOT IN )<br>ITS INDIVIDUAL CAPACITY, BUT )<br>SOLELY AS TRUSTEE FOR NRZ )<br>PASS-THROUGH TRUST XVIII, )<br>    Defendants. )<br>) | C.A. No. 21-424-JJM-LDA |

# MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Alleging that he did not receive notice and the disclosures mandated under Paragraph 22 of his Mortgage, Plaintiff John Harrington sued Defendants Fay Servicing, LLC and U.S. Bank National Association[1] to challenge the foreclosure on his home in Warwick, Rhode Island. Defendants argue that the Complaint fails to state a claim and move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 9. Because the Court finds that Mr. Harrington's allegations find no root in Rhode Island law, it GRANTS Defendants' motion and dismisses his case.

---

[1] U.S. Bank is sued not in its individual capacity, but solely as Trustee for NRZ Pass-Through Trust XVIII.

I.  BACKGROUND

Mr. Harrington bought a property in Warwick, Rhode Island.  He got a loan for $249,308.63, executed a promissory note ("Note") to repay the loan with interest and secured repayment of the note with a mortgage ("Mortgage").

The Mortgage was later assigned to U.S. Bank and Fay Servicing became the servicer.  Paragraph 22[2] of the Mortgage required the mortgage lender to provide the following disclosures: "(a) the breach (b) the action required to cure the breach; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the breach must be cured; and (d) that failure to cure the breach on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property." ECF No. 10-2 at 5.  Paragraph 22 also required that the notice "inform Borrower of the right to reinstate after acceleration and the right to bring court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." *Id.*

Mr. Harrington defaulted on his Mortgage payments.  He alleges in his Complaint that he never received the notice of default, but nevertheless, Defendants conducted a foreclosure sale in August 2021.  He filed this lawsuit, alleging that the foreclosure was invalid because Defendants breach the Mortgage.  He seeks monetary damages and declaratory relief.

---

[2] As Defendants note in their reply, all parties reference the acceleration and reinstatement provisions as Paragraphs 22 and 19 respectively even though, in Mr. Harrington's Mortgage, those are in Paragraphs 17 and 18.  For ease of explication because both the briefing and the case law use the former numbers, the Court will also refer to these concepts as being found in Paragraphs 22 and 19.

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts as true the factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *See Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008) (citation omitted); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (citations omitted). However, to survive the motion, the factual allegations in the complaint must "raise a right to relief beyond the speculative level." *Bell Atl. v. Twombly*, 550 U.S. 544, 545 (2007). The plaintiff must show that there is "more than a sheer possibility" that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    DISCUSSION

Mr. Harrington's breach of contract action is rooted in his allegations that Defendants sent a misleading default notice that failed to comply with Paragraph 22 requirements. He also argues that, in addition to those requirements, the notice should have informed him that the right to reinstate after acceleration expired five days before the foreclosure as per Paragraph 19 of the Mortgage. In sum, Mr. Harrington alleges that to strictly comply with the Paragraph 22 notice, Defendants necessarily had to include the conditions stated in Paragraph 19 or else the notice was deficient. Because the notice not only did not comply with Paragraph 22 but also said nothing about the five-day expiration, Mr. Harrington alleges that Defendants breached the Mortgage.

Defendants move to dismiss, arguing that the notice was Paragraph 22 compliant. They also argue that Mr. Harrington's conflation of the required Paragraph 22 notice with Paragraph 19 of the Mortgage has no basis in Rhode Island law.

### A. NOTICE

Pursuant to Rhode Island law, which permits nonjudicial foreclosures, "[s]trict compliance with paragraph 22 is essential to ensuring that mortgagors are fully informed of their rights and will not be misled by a default notice provided by a mortgagee." *Woel v. Christiana Tr. as Tr. for Stanwich Mortg. Loan Tr. Series 2017-17*, 228 A.3d 339, 346 (R.I. 2020). A default notice strictly complies by informing the mortgagor "of the right to reinstate [the mortgage] after acceleration," and that, if it does not, the foreclosure sale is void even though there is no actual deception or confusion caused by the breach. *Id.* at 347. Paragraph 22 states, among other things, that

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

ECF No. 1-1 at ¶ 12; ECF No. 10-2 at 5.

Taking all the facts alleged in the light most favorable to Mr. Harrington, he has not stated a viable breach of contract claim. *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (granting a motion to dismiss if "the pleading shows no set of facts which could entitle plaintiff to relief"). Without reiterating each and every point covered in the November 15, 2019 Default Notice, the Court finds that it hits all of the Paragraph 22 requirements as set forth in *Woel*. *See* ECF No. 10-3 at 3-6.

Mr. Harrington attempts to inject new life into his argument that the foreclosure is void because Defendants did not strictly comply with the Mortgage's notice provisions by bootstrapping the requirements of Paragraph 19 onto those of Paragraph 22. Paragraph 19 deals with a Borrower's Right to Reinstate After Acceleration and states:

> If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument.

ECF No. 1-1 at ¶ 13; ECF No. 10-2 at 5. Mr. Harrington alleges that Defendants' notice was inadequate because it did not include reference to the five-day time limit on reinstatement in the Default Notice. The Court finds no legal support, however, for this proposition.[3]

---

[3] Both parties reference *Thompson v. JPMorgan Chase, N.A.*, a Massachusetts case, in their discussions of Defendants' obligations under Paragraph 19. In that case, the First Circuit first held that Massachusetts law required the inclusion of a description of the five-day time limit on reinstatement in the default notice to avoid deception, even though such an advisory is not called for by Paragraph 22. *Thompson*

5

"Paragraph 19 is not the correct source for assessing what notice was required under the mortgage agreement prior to initiating a foreclosure because that paragraph merely outlines a borrower's right to reinstate after foreclosure proceedings have already commenced." *Viera v. Bank of New York Mellon as Tr. for Certificate Holders of Cwalt, Inc.*, C.A. No. 17-523-WES-PAS, 2018 WL 4964545, at *7 (D.R.I. Oct. 12, 2018) (and finding that "paragraph 22 lays out the notice requirements necessary to commence foreclosure proceedings"). And the language of Paragraph 22 does not mandate a secondary notice of acceleration before Defendants could properly accelerate the loan and start foreclosure. *Id.* at *2. Defendants' failure to inform Mr. Harrington of his post-acceleration right to reinstate conditions in the Default Notice is not a Paragraph 22 notice deficiency. He received all the mandatory notice after his default.

---

*v. JPMorgan Chase, N.A.*, 915 F.3d 801, 804-05 (1st Cir. 2019), *withdrawn*, 931 F.3d 109 (1st Cir. 2019). The First Circuit certified the question to the Supreme Judicial Court. *Thompson v. JPMorgan Chase Bank, N.A.*, 158 N.E.3d 35 (Mass. 2020). In light of the guidance received, the First Circuit determined that the default notice was not misleading under Massachusetts law. *Thompson v. JPMorgan Chase Bank, N.A.*, 982 F.3d 809, 813 (1st Cir. 2020). This Court declines to apply *Thompson* in the context of this case because the vacated *Thompson* holding has not been adopted as an articulation of applicable Rhode Island law. *See Citibank, N.A. as Tr. for Am. Home Mortg. Assets Tr. 2006-3, Mortg. Backed Pass-Through Certificates Series 2006-3 v. Caito*, C.A. No. 18-427-JJM-LDA, 2019 WL 6896309, at *3 n.2 (D.R.I. Dec. 18, 2019) (finding that because "[Thompson I] was based on interpretation of Massachusetts, not Rhode Island law and the opinion has been withdrawn, the Court declines to consider it here"), appeal docketed, No. 20-1100 (1st Cir. Jan. 22, 2020); *Woel*, 228 A.3d at 346 n.12.

## IV.  CONCLUSION

Because the Court finds that Mr. Harrington's Complaint fails to state a claim for breach of contract, it GRANTS Defendants' Motion to Dismiss.  ECF No. 9.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

April 7, 2022