# United States Court of Appeals
## For the First Circuit

_____

No. 22-1357

JOHN HARRINGTON,

Plaintiff - Appellant,

v.

FAY SERVICING, LLC; U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity, but solely as Trustee for NRZ Pass-Through Trust XVIII,

Defendants - Appellees.
_____

Before

Kayatta, Gelpí and Montecalvo,
Circuit Judges.
_____

**JUDGMENT**

Entered: July 27, 2023

      This is an appeal from the dismissal of a complaint for breach of contract filed in the District Court for the District of Rhode Island.

      The issues in this appeal center on a mortgage. Broadly, Appellant John Harrington argues that language in the operative mortgage imposed obligations on Defendant-Appellees that Defendant-Appellees did not follow, while Defendant-Appellees argue that language in the operative mortgage imposed lesser obligations that Defendant-Appellees did follow.

      Before taking up the substance of this dispute, we pause to observe an issue reflected in the record. On the one hand, the complaint, the motion to dismiss, the opposition to the motion to dismiss, the district court judgment under review, and the briefing on appeal all are directed to the language of a mortgage with certain specific provisions, including among them a "Paragraph 19" and a "Paragraph 22." We will refer to this mortgage as the "Complaint Mortgage." The provisions pleaded and argued correspond in material terms to standardized paragraphs that have seen treatment in relevant case law. See, e.g., Woel v. Christiana Tr. as Tr. for Stanwich Mortg. Loan Tr. Series 2017-17, 228 A.3d 339, 340–42 (R.I. 2020) (discussing and explicating "Paragraph 19" and "Paragraph 22").

On the other hand, the motion to dismiss attached a mortgage that does not contain the provisions on which Appellant relies for purposes of his breach-of-contract claim. We will refer to this mortgage as the "Record Mortgage." The district court construed the language of the Complaint Mortgage but also freely cited to the Record Mortgage in its ruling (by footnote, the district court acknowledged differences in provision numbering but did not acknowledge substantive differences between relevant provisions of the Complaint Mortgage and the Record Mortgage). Appellant, for his part, has not challenged the authenticity of the Record Mortgage or its consideration at the motion-to-dismiss stage, yet his appellate argument depends on language found in the Complaint Mortgage that is not found in relevant provisions of the Record Mortgage. Neither the parties nor the district court expressly have justified consideration of the Complaint Mortgage despite material differences between its relevant provisions and relevant provisions of the Record Mortgage. Indeed, the parties and the district court did not even acknowledge expressly the aforementioned material differences, and we have before us no developed argument as to why the Complaint Mortgage should be the focus of our attention notwithstanding the introduction of the Record Mortgage without objection.

Given the apparent consensus among the parties and the district court that the analysis should look to the Complaint Mortgage, rather than the Record Mortgage, we lack any developed argument addressed to what appears to be the controlling mortgage in this case, that is the Record Mortgage. We thus can discern no argument or challenge that is availing to the extent the Record Mortgage controls. In any event, even assuming that the Complaint Mortgage should be the site of our analysis -- a proposition we neither endorse nor reject -- having carefully reviewed the developed challenges contained in Appellant's opening brief, we discern no availing argument that there was reversible error.

Accordingly, the judgment of the district court is **AFFIRMED**. See Local Rule 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Todd Steven Dion
Marissa I. Delinks
Samuel Craig Bodurtha